Filed 12/4/20  P. v. Richardson CA4/1
See dissenting opinion

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARWIN LAMONT RICHARDSON,<br><br>    Defendant and Appellant. | D076747<br><br><br>(Super. Ct. No. FSB048987) |

APPEAL from an order of the Superior Court of San Bernardino, Brian S. McCarville, Judge.  Reversed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Jason Anderson, District Attorney, and James R. Secord, Deputy District Attorney, for Plaintiff and Respondent.

In 2008, a jury convicted defendant Darwin Richardson of two counts of first degree murder (Pen. Code, § 187, subd. (a))[1] and two counts of robbery

---

1      All statutory references are to the Penal Code unless otherwise noted.

(§ 211), found that a principal was armed with a handgun during the commission of the crimes (§ 12022, subd. (a)(1)), and returned felony-murder and multiple-murder special circumstance findings (§ 190.2, subd. (a)(3), (17)(A)). (*People v. White* (Sept. 16, 2011, D059000, D059032) [nonpub. opn.].) Richardson was sentenced to two consecutive life terms without the possibility of parole on the felony murder counts, one year for a firearm enhancement on one of the murder counts, and four years on the robbery counts to be served consecutively to the murder terms. (*Ibid.*) On appeal, this court reversed the multiple-murder special circumstance finding and modified the judgment to stay execution of the sentences for the robbery counts, but in all other respects affirmed the judgment.[2] (*Ibid.*)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended sections 188 and 189, the statutory provisions pertaining to malice and the degrees of murder, respectively. (*Id.*, §§ 2–3.) It also added section 1170.95, which permits persons with murder convictions to petition their sentencing courts to vacate their murder convictions and to be resentenced on any remaining counts if, among other conditions, they could not be convicted of murder now based on the amendments to sections 188 and 189. (*Id.*, § 4.)

---

[2]    We grant the People's request for judicial notice of our opinion in Richardson's direct appeal. (Evid. Code, § 452, subd. (d); see *People v. Woodell* (1998) 17 Cal.4th 448, 458.)

In 2019, Richardson filed a petition to vacate his murder convictions and to be resentenced under section 1170.95.  The People moved to strike Richardson's resentencing petition.  They argued Senate Bill No. 1437 unconstitutionally amends Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)) without voter approval, violates the separation of powers doctrine, and contravenes Marsy's Law (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008)).  The trial court granted the motion to strike, finding that Senate Bill No. 1437 amends "the initiative" (presumably referring to Proposition 7 or Proposition 115, or perhaps both measures).  Richardson appeals the order striking his resentencing petition.

In a pair of companion opinions issued shortly after the trial court struck Richardson's resentencing petition, a divided panel of this court rejected the People's arguments and concluded that Senate Bill No. 1437 is constitutional.  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*); *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270 (*Gooden*).)  Since then, several other Courts of Appeal have followed suit.  (*People v. Lombardo* (2020) 54 Cal.App.5th 553; *People v. Murillo* (2020) 54 Cal.App.5th 160; *People v. Lippert* (2020) 53 Cal.App.5th 304; *People v. Nash* (2020) 52 Cal.App.5th 1041; *People v. Superior Court of Butte County* (2020) 51 Cal.App.5th 896; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; but see *Lippert*, at p. 314 (dis. opn. of Ramirez, J.); *Nash*, at p. 1084 (con. & dis. opn. of Poochigian, J.).)

We need not rehash the bases for our *Gooden* and *Lamoureux* decisions. Rather, we incorporate by reference our analyses from those decisions and conclude, for the reasons expressed therein, that Senate Bill No. 1437 is constitutional.[3]  Because the trial court ordered the resentencing petition stricken based solely on the constitutionality of Senate Bill No. 1437, the order striking the resentencing petition must be reversed.

DISPOSITION

The order is reversed.

McCONNELL, P. J.

I CONCUR:

AARON, J.

---

[3]     The People requested judicial notice of a legislative document pertaining to a proposed bill that would have amended section 189, but was never enacted into law.  We deny the request as irrelevant to the disposition of the appeal.

4

O'Rourke, J., dissenting.

I respectfully dissent on the grounds previously expressed in *People v. Lamoureux* (2019) 42 Cal.App.5th 241 and *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270.  For the reasons stated, I would affirm the trial court's order denying Richardson's resentencing petition brought under Penal Code section 1170.95.

O'ROURKE, J.